**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TIB–THE INDEPENDENT BANKERSBANK,** § § § | |
| Plaintiff, § § | Civil Action No. **3:10-CV-1014-L** |
| v. § § | |
| **AMERICAN GATEWAY BANK,** § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Transfer to the Middle District of Louisiana, filed May 19, 2010. After carefully considering the motion, response, reply, briefs, record, and applicable law, the court **denies** Defendant's Motion to Transfer to the Middle District of Louisiana.

### I. Factual and Procedural History

On April 12, 2010, Plaintiff The Independent Bankersbank ("TIB" or "Plaintiff") filed Plaintiff's Original Petition and Request for Disclosure (the "Complaint") against Defendant American Gateway Bank ("Gateway" or "Defendant") in the 68th Judicial District Court, Dallas County, Texas. On May 19, 2010, Gateway removed the case to this court on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. Defendant now requests that the court transfer this action to the United States District Court for the Middle District of Louisiana for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

This action arises from a loan for property in Baton Rouge. On October 22, 2003, TIB and Gateway entered into a Mortgage Loan Program III (the "2003 Agreement"). Pursuant to the 2003

**Memorandum Opinion and Order – Page 1**

Agreement, TIB agreed to purchase various residential mortgage loans from Gateway. On March 17, 2009, TIB and Gateway entered into a Correspondent Bank Mortgage Loan Agreement (the "Agreement"). The Agreement arranged for Plaintiff to purchase various residential loans from Defendant and replaced the 2003 agreement; the Agreement states, "[t]his Agreement constitutes the entire agreement between the parties and supersedes all prior and contemporaneous agreements, representations, and understandings." Def.'s App. 24 ¶ 14. Under the terms of the Agreement, Defendant assigned the mortgage to Plaintiff, who sold the loan to Freddie Mac. Freddie Mac then asked Plaintiff to repurchase the loan based on allegations of an inflated appraisal of the property covered by the loan. Plaintiff investigated the matter and found that the appraisal, which Defendant ordered to be conducted by Greg Baird, in fact inflated the property's value. Plaintiff subsequently repurchased the loan from Freddie Mac. Because of the inflated appraisal, Plaintiff ultimately demanded that Defendant repurchase the loan, but Defendant denied any responsibility.

Gateway is a state bank with its principal office in Louisiana. Gateway asserts that all of its books, records, and employees, in addition to the property at issue, are located in the greater Baton Rouge area and that at least eight material, nonparty witnesses and likely expert witnesses reside in Baton Rouge. Moreover, Gateway contends that the focus of this lawsuit centers on Greg Baird's alleged fraud or negligence, which occurred exclusively in Louisiana. Accordingly, Defendant requests that the court transfer this action to Louisiana for the convenience of the parties. The Agreement, however, contains a forum selection clause that states that the Agreement "shall be construed in accordance with the laws of the State of Texas and venue for any action arising out of the performance of any of its terms and provisions shall lie in Dallas County, Texas." *Id.* Plaintiff, a state bank with its principal office in Texas, argues that the forum selection clause is enforceable.

## II. Applicable Standard for Enforcement of a Forum Selection Clause

Before the court can apply the section 1404(a) analysis, it must first determine the enforceability of the Agreement's forum selection clause. The enforceability of a forum selection clause is a question of law, and such clauses are presumptively valid. *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997). Mandatory forum selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear. *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."). The party resisting the forum selection clause must show that the clause is "unreasonable" before a court may decline to enforce the clause. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998). Unreasonableness may be demonstrated by "a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [party resisting the clause] of his day in court." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) (quoting *Mitsui & Co.*, 111 F.3d at 35). "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).

## III. Analysis

In the Complaint, Plaintiff alleges four causes of action against Gateway: specific performance, breach of warranty in the contract, unjust enrichment, and negligent misrepresentation. Plaintiff asserts that venue is proper in Dallas County, Texas, pursuant to the Agreement. Plaintiff argues that the contract contains a mandatory forum selection clause that places venue specifically

in Dallas, Texas, and that Defendant's complaints of inconvenience are insufficient to merit a venue transfer. Plaintiff asserts that the law is clear that, when a plaintiff sues in its home forum, it is reasonable to assume that its choice is convenient and that a case should not be transferred simply to shift the burden of inconvenience from the defendant to the plaintiff. Plaintiff concedes that the forum clause is not dispositive, but it argues that the Texas long arm statute would allow the court to hale appraiser Greg Baird into court because his alleged tortious conduct would have caused injury in Texas. The court will analyze the applicability of the forum selection clause to Plaintiff's claims.

### A. Specific Performance and Breach of Warranty Claims

Gateway concedes that the court should apply Texas law in determining whether Plaintiff has stated contractual claims for specific performance or breach of warranty and does not dispute that such claims flow from the Agreement. The court determines that these claims concern performance and alleged breaches under the Agreement and necessarily arise from the Agreement. The forum selection clause therefore applies to these claims.

### B. Negligent Misrepresentation and Unjust Enrichment Claims

Gateway does not concede that Texas law applies to other claims in this litigation and challenges the application of Texas law to Plaintiff's claims for unjust enrichment and negligent misrepresentation. Defendant asserts that even if the Agreement were the operative contract, the clause contained in the Agreement is narrowly limited to action arising out of the performance of its terms, while the focus of the causes of action is Greg Baird's appraisal. The Agreement's "Representations and Warranties" section provides that Gateway represents to TIB that "[a]ll information contained in each Loan package is true, complete and accurate to the best of [Gateway's]

knowledge after diligent investigation and inquiry . . . ." Def.'s App. 20 ¶ 1. It also provides that:

> 1. [Gateway] shall indemnify and hold TIB . . . harmless from and will reimburse TIB for . . . damages, deficiencies, claims . . . incurred by TIB to the extent that such repurchase . . . results from:
>
> (a) Any written or oral misrepresentations made by [Gateway] in this Agreement . . . ;
>
> (b) Any breach of warranty by [Gateway] . . . ;
>
> (c) Any defect in any Loan existing as of the date of purchase or thereafter (including those defects subsequently discovered), as a result of any act or omission of [Gateway], or any employee, agent or representative acting on its behalf;
>
> (d) Any acts, errors or omissions of [Gateway], or any employee, agent or representative acting on its behalf, with respect to the origination of any Loan, or any document, agreement or instrument contained therein or relating thereto, prior to the date of sale to TIB or thereafter in connection with the performance of any of [Gateway's] obligations hereunder (including, e.g., incomplete or erroneous Loan documentation . . . );
>
> (e) Any fraud in the origination of any Loan, whether or not as a result of any act or omission of the Bank.

*Id.*

The Agreement's language directly pertains to the loan because it sets forth the requirements of the loan transactions and prohibits misrepresentations. The Agreement also requires that Defendant compensate Plaintiff for any injuries that result from misrepresentation and other "acts or omissions" that do not comply with the Agreement's standards. *Id*. Plaintiff contends that Gateway, in the course of its business and contrary to the Agreement's terms, made false representations to TIB regarding the loan. The Agreement pertains to the same transaction as the 2003 Agreement and thus covers the loan. Further, the Agreement centers on the appropriate conduct concerning the loan and sets forth the responsibilities and obligations of the parties. One

obligation is to not make misrepresentations to the other parties. Plaintiff's claims for negligent misrepresentation and unjust enrichment clearly arise from the alleged misrepresentations made concerning the loan. The court therefore determines that Plaintiff's claims of unjust enrichment and negligent misrepresentation both arise from the Agreement. Because the Agreement directly pertains to misrepresentations concerning the loan, the forum selection clause is enforceable. Moreover, even if these two claims did not arise under the Agreement, transfer of this action would not be warranted because it would necessarily result in piecemeal litigation, which is strongly disfavored.

### C. Venue in Dallas, Texas is Proper

The court agrees with Plaintiff that the forum selection clause's language is clear and determines that the clause is thus enforceable and presumptively valid. Plaintiff's choice of forum is entitled to deference, and there is nothing in the record to indicate that such deference should not be afforded. The mandatory forum selection clause is enforceable because it was negotiated between two sophisticated businesses at arms length, and both appear to be of equal bargaining positions. Because Defendant agreed to the forum selection clause and has not shown any fraud, overreaching, unreasonableness, or indications of unequal bargaining power, Plaintiff's choice of forum should be honored. Defendant has failed to meet its burden insofar as establishing that the forum selection clause violates public policy or would deprive it of its day in court. Defendant will get its day in court, but it will be in Texas pursuant to the Agreement between the parties. Defendant contends that a Texas forum would be inconvenient and financially burdensome. The law of both the Texas Supreme Court and the Fifth Circuit, however, does not support invalidating a forum selection clause on the grounds of such arguments. Because the forum selection clause is

enforceable, the private and public interest factors that pertain to convenience and govern a transfer under section 1404(a) do not come into play, and the court will not address them.[*]

## IV. Conclusion

For the reasons stated herein, Defendant has failed to carry its burden to show that the forum selection clause should not be enforced and that the case should be transferred pursuant to section 1404(a). Accordingly, the court **denies** Defendant's Motion to Transfer to the Middle District of Louisiana.

**It is so ordered** this 17th day of August, 2010.

Sam A. Lindsay
United States District Judge

---

[*]The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).