IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TIB- THE INDEPENDENT BANKERSBANK**, | § § § |
| Plaintiff, | § § |
| v. | § Civil Action No. **3:10-CV-1014-L** |
| | § |
| **AMERICAN GATEWAY BANK**, | § § |
| Defendant. | § § |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Partial Dismissal of Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed July 2, 2010; and Plaintiff's Motion for Leave to File Second Amended Complaint, filed August 6, 2010. The court **grants** Plaintiff's Motion for Leave to File a Second Amended Complaint and **denies without prejudice** Defendant's Motion for Partial Dismissal.

### I. Procedural Background

This action has become a procedural morass and has not promoted judicial economy. On May 28, 2010, Defendant American Gateway Bank ("Gateway" or "Defendant") filed a Motion to Transfer Venue to the Middle District of Louisiana and a Motion for Partial Dismissal. Plaintiff TIB- The Independent Bankersbank ("TIB" or "Plaintiff") then filed its Amended Complaint on June 18, 2010. This court issued an order denying Defendant's Motion for Partial Dismissal as moot on June 25, 2010. Defendant then filed the pending Motion for Partial Dismissal of the Amended Complaint on July 2, 2010. Subsequently, Plaintiff filed the pending Motion for Leave to File a Second Amended Complaint on August 6, 2010. This court issued a Memorandum Opinion and

**Memorandum Order and Opinion- Page 1**

Order on August 17, 2010, denying Defendant's Motion to Transfer Venue. Following the denial, Defendant filed a Writ of Mandamus on September 20, 2010. The Fifth Circuit Court of Appeals summarily denied the Writ of Mandamus on October 14, 2010. The court now examines the two pending motions, Defendant's Motion for Partial Dismissal and Plaintiff's Motion for Leave to File a Second Amended Complaint.

## II. Legal Standard for Amendment of Pleadings under Rule 15

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a court should freely give leave [to amend] when justice so requires." Although Rule 15(a)(2)

> evinces a bias in favor of granting leave to amend, [such leave] is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

*Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (footnotes and internal quotation marks omitted)). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

## III. Discussion

Plaintiff seeks leave to file a second amended complaint. The proposed second amended complaint incorporates a prior agreement as an additional contractual basis for its claims. Defendant opposes the request for leave to amend. Defendant asserts that Plaintiff's proposed amendments will cause undue delay and are futile.

The court determines that the amendment of pleadings will not cause undue delay in the litigation of this case. To promote judicial economy and to squarely put all of the issues on the

table, the court will allow Plaintiff to file a second amended complaint. The court believes that justice requires allowing leave to give Plaintiff an opportunity to plead all claims it intends to litigate.

In doing so, the court determines that Defendant will not be legally prejudiced because an amendment of pleadings will not affect or impair Defendant's ability to defend this lawsuit. Moreover, the court determines that no undue delay will result if Plaintiff is allowed to amend its pleadings. While the amendment may cause some delay, it will not cause undue delay. Furthermore, Defendant has contributed to the delay in this case. Defendant filed a Writ of Mandamus on September 20, 2010, which was summarily denied by the Fifth Circuit Court of Appeals on October 14, 2010. This court took no action during the pendency of the mandamus because it would have been fatuous to proceed had the Fifth Circuit transferred the case to the Middle District of Louisiana. It is ironic that Defendant would assert delay when it has been the source of some of the delay in this case. On the other hand, Plaintiff needs to get a handle on its claims. At this stage, it should know the bases of any claim it wants to assert and should be able to articulate each claim under the applicable standards.

At this time, the court makes no determination as to the futility of the amendment. The court is not in a position to determine the futility of the amendment. The better practice is to allow the amendment. Defendant can then address futility by a subsequent motion to dismiss and, if not successful, by a summary judgment motion. The court has grown weary of this game of "legal leap frog" that alternates between amended complaints and motions to dismiss. "The jig is up," and it is time for the litigation to move forward, end by settlement, or end by court action. The court will provide Plaintiff a chance to amend and plead its "best case." In doing so, Plaintiff shall comply

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the standards enunciated in *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009).

## IV.     Conclusion

For these reasons herein stated, the court **grants** Plaintiff's Motion for Leave to File a Second Amended Complaint and **denies without prejudice** Defendant's Motion for Partial Dismissal. Plaintiff must file a second amended complaint by **December 27, 2010**. The court puts Plaintiff on notice that it must include any claims that it intends to assert. The court will not look kindly upon further attempts to amend the complaint, as this is Plaintiff's "third bite at the apple."

**It is so ordered** this 17th day of December, 2010.

                                                    Sam A. Lindsay
                                                    United States District Judge